UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04319-MWC-DTB **(ADELANTO)** Date: August 5, 2026

Title: Pedro Perez Salomon v. Senior Warden, Adelanto Detention Facility, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PETITIONER PEDRO PEREZ SALOMON'S (A No. 072-516-136) *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDERING IMMEDIATE RELEASE (DKT. [3])**

Before the Court is Petitioner Pedro Perez Salmon's ("Petitioner") *Ex Parte* Application ("Application") seeking a temporary restraining order ("TRO") enjoining Respondents[1] from "continuing to detain Petitioner without providing a constitutionally adequate, individualized custody hearing," ordering Petitioner's immediate release. *See* Dkt. # 2 ("*Mot.*") at 5. Respondents filed a response, arguing that "Petitioner is properly detained pending [ ] potential bond proceedings," and that "[w]hile Petitioner also seeks immediate release," the Court should, "at most," "order[] a bond hearing to be held before an Immigration Judge under § 1226(a)." *See* Dkt. # 11 ("*Opp'n*") at 2.

The Court issued a standing order on July 30, 2026, enjoining Petitioner's removal from the District pending further orders from the Court, and setting a briefing schedule on Petitioner's motion. *See* Dkt. # 9. For the reasons set forth below, the Court **GRANTS** the motion.

[1] The habeas petition lists Respondents as: the Senior Warden of the Adelanto Detention Facility; Joshua Johnson, the Field Office Director for the Adelanto Office of Detention and Removal of Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, the Acting Director of ICE; Markwayne Mullin, the Secretary of the United States Department of Homeland Security ("DHS Secretary"); and the Attorney General of the United States. Dkt. # 1 ¶¶ 6–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04319-MWC-DTB **(ADELANTO)** Date: August 5, 2026

Title: Pedro Perez Salomon v. Senior Warden, Adelanto Detention Facility, *et al.*

## I. Background

The Petition details that Petitioner is "a native of Mexico" who entered the United States in November 1990. *See* Dkt. # 1 ("*Pet.*") ¶¶ 12–13. "Petitioner has never been deported before and has never left the United States since arriving." *Id.* ¶ 17. In 1994, Petitioner received asylum, a work permit, and a Social Security number. *Id.* ¶ 21. Petitioner has been working twenty (20) years in the flower shipping industry and hopes to return to his job. *See id.* ¶ 28.

Petitioner has diabetes, high cholesterol, and high blood pressure. *Id.* ¶ 22. Petitioner's father, who is 71 years old, has diabetes and high cholesterol, and has suffered from three "major strokes, and various small seizures." *Id.* ¶ 25. Petitioner's father has Alzheimer's disease, which makes him "forget things" and "w[a]nder around." *Id.* Petitioner cares for his father by providing him with medications and "watching over him so he [does] not run away and get lost." *Id.* Petitioner's mother is 70 years old and has diabetes, high cholesterol, high blood pressure, and suffers from "constant stress," which makes her forgetful. *See id.* ¶ 26. Petitioner cares for his mother by providing her with medications and watching over her. *Id.*

Petitioner represents that he has a criminal record with the Ventura County Sheriff's Office. *See id.* ¶¶ 27–28. The Sheriff's Office arrested Petitioner twice for driving without a license, twice for driving with a suspended license, twice for driving under the influence, and most recently, on June 30, 2026, for refusing to leave private property (*i.e.*, trespassing) while being under the influence of a controlled substance. *Id.* ¶ 27. Petitioner's arrest for trespass is the "only pending charge[]" currently brought against him. *Id.* Petitioner has made efforts toward rehabilitation. *See id.* ¶ 28.

On July 1, 2026, as Petitioner was exiting the Ventura County Jail after spending one day in jail for trespassing, ICE officers detained Petitioner and placed him in the Adelanto ICE Processing Center ("Adelanto"). *Id.* ¶¶ 14–15. "Petitioner was not presented with an arrest warrant when he was detained by ICE officers," nor given an opportunity for a bond hearing or custody redetermination hearing. *Id.* ¶¶ 16, 19. Petitioner has been detained for approximately one month. *Id.* ¶ 14. During this time, Petitioner has attended all Immigration Court hearings; "ICE has been unable to remove Petitioner from the United States." *Id.* ¶¶ 18, 20. While in Adelanto, Petitioner has not received adequate medical attention. *See id.* ¶¶ 22–24. In 2025, Petitioner had two surgeries on his thumb, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04319-MWC-DTB **(ADELANTO)** Date: August 5, 2026

Title: Pedro Perez Salomon v. Senior Warden, Adelanto Detention Facility, *et al.*

require medical attention. *Id.* ¶ 23. Petitioner also has two injured knees that require surgery, yet Adelanto has failed to provide medical care for these injuries either. *Id.* ¶ 24.

II. Legal Standard

A. *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

B. Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp.

2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III. Discussion

A. *Ex Parte* Application and *Mission Power* Factors

Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody for one month, without receiving a pre-deprivation hearing, an opportunity to contest his detention, or any indication that his removal is likely in the foreseeable future. Petitioner has been unable to care for his parents, who both suffer from various medical conditions and require his care and assistance. Petitioner has also been unable to earn wages at his work in the flower shipping industry. Nor have immigration authorities provided Petitioner medical attention to treat his own conditions. If the Court heard the motion according to regularly noticed motion procedures, that would leave Petitioner detained for several additional weeks. Thus, after one month in continued detention, *ex parte* relief is warranted.

B. Request for Relief from Detention

*i. Likelihood of Success on the Merits*

Petitioner has demonstrated a likelihood of success on the merits of his request for release from detention. Petitioner argues that immigration authorities deprived him of the protections that the Due Process Clause of the Constitution requires. *See Pet.* at 5 ("Here, Petitioner was not afforded any of these several layers of review[], . . . violating the Fifth Amendment."). "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004). There, the Supreme Court discussed the need to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and

> finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Regarding the first factor, Petitioner has a liberty interest in being free from detention. As other courts have identified, a petitioner may have a liberty interest in freedom from detention regardless of whether he was previously in ICE detention. *See, e.g.*, *Rivas Garcia v. Current or Acting Field Dir.*, No. 1:26-cv-03245 DAD SCR, 2026 WL 1265937, at *4 (E.D. Cal. May 8, 2026) ("Even assuming petitioner was not previously released at the discretion of immigration officials, he has a general liberty interest in freedom from detention."); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the [Due Process] Clause protects." (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))). Petitioner also has an interest in avoiding prolonged detention. *See Doe v. Becerra*, No. 23-cv-05327-RMI, 2024 WL 1018519, at *5 (N.D. Cal. Mar. 7, 2024) ("As to the first factor, it does not require much to conclude that Petitioner has a compelling interest—to say the least—in avoiding prolonged detention; it is equally evident that the government's interference with that interest necessarily increases while Petitioner spends more and more time in detention." (citation omitted)). And Petitioner's detention impedes his ability to maintain gainful employment, care for his family, and receive adequate medical care. Accordingly, Petitioner's private interest in remaining free from detention is significant.

As to the second *Mathews* factor, Respondents maintain that "Petitioner appears to be entitled to request and receive an initial bond hearing," and that he is "at most" entitled to a bond hearing before an Immigration Judge. *See Opp'n* at 2. But Respondents ignore Petitioner's account that ICE Officers detained Petitioner as he was exiting County Jail, without notice or an opportunity to be heard. Generally, the Due Process Clause "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Here, ICE Officers detained Petitioner without presenting him an arrest warrant, an Immigration Court hearing, or a bond hearing or custody redetermination hearing. *See Pet.* at 3–5. Accordingly, Petitioner never received notice or an opportunity to challenge his detention prior to ICE detaining him. "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation."

*Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025). For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

Still, the Court must consider the government's interests. Though the government has an interest in the steady enforcement of its immigration laws, the government's interest in detaining Petitioner without any procedural protections is slight. *See Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)). And custody hearings for immigration detention are routine and impose a "minimal" cost on the government. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Thus, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

*ii. Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) (finding that petitioner demonstrated irreparable harm because she "is the sole financial provider for her seven-year-old daughter, her mother, and other disabled relatives in Peru," "[h]er mother has diabetes and depends on [Petitioner]", and because detention would "pose[] a significant threat to [Petitioner's] health" as petitioner "suffers from several serious medical conditions that would likely be exacerbated by detention."). While detained, Petitioner cannot care for his parents who both suffer from various medical conditions, nor can he continue working to earn income to support himself or his loved ones. Petitioner recounts that while detained in Adelanto, he has not received medical care for either his injured thumb or his injured knees. *See Pet.* ¶¶ 23–24. As a result, this factor weighs in favor of granting Petitioner's release from detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04319-MWC-DTB **(ADELANTO)** Date: August 5, 2026

Title: Pedro Perez Salomon v. Senior Warden, Adelanto Detention Facility, *et al.*

*iii. Balance of the Equities and Public Interest*

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' likely violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention.

C. Bond Requirement

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (cleaned up). "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'" *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL

2014208, at *8 (C.D. Cal. June 25, 2025) (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering Respondents to follow the governing law, bond is unnecessary. *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law. No bond is required." (footnote omitted)); *Hassanzadeh v. Warden*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *6 (C.D. Cal. Nov. 25, 2025) (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion (Dkt. # 3) and **ORDERS** as follows:

1. Respondents must release Petitioner (A No. 072-516-136) immediately under the same terms applicable to him prior to his July 1, 2026, detention.

2. When releasing Petitioner, Respondents must return any property seized from him in the course of his arrest and detention.

3. Respondents are enjoined from re-detaining Petitioner without providing notice and a pre-deprivation hearing before a neutral adjudicator.

4. Respondents are enjoined from transferring Petitioner outside of the Central District of California pending final resolution of his case.

The Court **ORDERS** Respondents to serve a copy of this Order on Petitioner immediately. Respondents must file a declaration by 12 p.m. on August 7, 2026, attesting to Petitioner's release. Respondents are further **ORDERED** to show cause, in writing, no later than seven (7) days after this Order issues as to why a preliminary injunction should not issue. Petitioner may file a response no later than seven (7) days after Respondents' filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04319-MWC-DTB **(ADELANTO)** Date: August 5, 2026

Title: Pedro Perez Salomon v. Senior Warden, Adelanto Detention Facility, *et al.*

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ