UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PEDRO PEREZ SALOMON,<br><br>Petitioner,<br><br>v.<br><br>SENIOR WARDEN, ADELANTO DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 5:26-cv-04319-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**PROCEEDINGS**

On July 29, 2026, petitioner Pedro Perez Salomon ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1), accompanied by a Motion for a Preliminary Injunction and for a Temporary Restraining Order ("TRO Application") (Docket No. 3), and a Motion for Appointment of Counsel (Docket No. 4).

On July 31, 2026, the District Judge referred the matter to the Federal Public Defender to consider appointment of counsel (Docket No. 8) and set a briefing schedule on Petitioner's TRO Application (Docket No. 9).

On August 4, 2026, Respondents filed their Reply to the TRO Application. (Docket No. 11).

On August 5, 2026, the District Judge granted Petitioner's TRO Application ordering Respondents to immediately release Petitioner under the same terms applicable to him prior to his July 1, 2026, detention ("August 5, 2026 Order"). (Docket No. 14). The District Judge ordered the parties to show cause as to why a preliminary injunction should not issue. (Id.).

On August 7, 2026, Respondents filed a Notice of Compliance confirming Petitioner had been released from detention. (Docket No. 16).

On August 10, 2026, in light of the District Judge's Order granting Petitioner's TRO Application filed August 5, 2026 (Docket No. 14) and Petitioner's release from detention, the Court sets a Status Conference for August 14, 2026. (Docket No. 18).

On August 12, 2026, the Federal Public Defender filed a Notice of Appearance on behalf of Petitioner (Docket No. 19). Also on August 12, 2026, Respondents filed a Reply to Order to Show Cause Regarding the Issuance of a Preliminary Injunction ("Reply") wherein they state that Petitioner's release from detention moots the requested preliminary injunction, as well as the Petition, and the Petition should be dismissed on that basis. (Reply at 2; Docket No. 20).

On August 14, 2026, Petitioner filed a Consent to Proceed before Magistrate Judge (Docket No. 21), which was approved by the District Judge on August 20, 2026 (Docket No. 23).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants the Petition.

## II.

## BACKGROUND AND PROCEDURAL HISTORY

The Court adopts the following factual background from the District Judge's August 5, 2026 Order.

Petitioner is a native of Mexico who entered the United States in November 1990. *See* Dkt. # 1 ("*Pet.*") ¶¶ 12–13. "Petitioner has never been deported before and has never left the United States since arriving." *Id.* ¶ 17. In 1994, Petitioner received asylum, a work permit, and a Social Security number. *Id.* ¶ 21. Petitioner has been working twenty (20) years in the flower shipping industry and hopes to return to his job. *See id.* ¶ 28.

Petitioner has diabetes, high cholesterol, and high blood pressure. *Id.* ¶ 22. Petitioner's father, who is 71 years old, has diabetes and high cholesterol, and has suffered from three "major strokes, and various small seizures." *Id.* ¶ 25. Petitioner's father has Alzheimer's disease, which makes him "forget things" and "w[a]nder around." *Id.* Petitioner cares for his father by providing him with medications and "watching over him so he [does] not run away and get lost." *Id.* Petitioner's mother is 70 years old and has diabetes, high cholesterol, high blood pressure, and suffers from "constant stress," which makes her forgetful. *See id.* ¶ 26. Petitioner cares for his mother by providing her with medications and watching over her. *Id.*

Petitioner represents that he has a criminal record with the Ventura County Sheriff's Office. *See id.* ¶¶ 27–28. The Sheriff's Office arrested Petitioner twice for driving without a license, twice for driving with a suspended license, twice for driving under the influence, and most recently, on June 30, 2026, for refusing to leave private property (*i.e.*, trespassing) while being under the influence of a controlled substance. *Id.* ¶ 27. Petitioner's arrest for trespass is the "only pending charge[]" currently brought against him. *Id.* Petitioner has made efforts toward rehabilitation. *See id.* ¶ 28.

On July 1, 2026, as Petitioner was exiting the Ventura County Jail after spending one day in jail for trespassing, ICE officers detained Petitioner and placed him in the Adelanto ICE Processing Center ("Adelanto"). *Id.* ¶¶ 14–15. "Petitioner was not presented with an arrest warrant when he was detained by ICE officers," nor given an opportunity for a bond hearing or custody redetermination hearing. *Id.* ¶¶ 16, 19. Petitioner has been detained for approximately one month. *Id.* ¶ 14. During this time, Petitioner has attended all Immigration Court hearings; "ICE has been unable to remove Petitioner from the United States." *Id.* ¶¶ 18, 20. While in Adelanto, Petitioner has not received adequate medical attention. *See id.* ¶¶ 22–24. In 2025, Petitioner had two surgeries on his thumb, which require medical attention. *Id.* ¶ 23.

> Petitioner also has two injured knees that require surgery, yet Adelanto has failed to provide medical care for these injuries either. *Id.* ¶ 24.

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## IV.

## DISCUSSION

### A. The Petition is Not Moot.

The Court first considers Respondents' contention that the Petition has been rendered moot by Petitioner's release from custody. (See Reply at 2). Respondents contend that Petitioner's subsequent release from custody moots the requested preliminary injunction, and moots the Petition more generally. (Id.).

/ / /

The Court finds that the Petition is not moot because the relief provided thus far in this action has been temporary. A habeas petition is not rendered moot by preliminary relief when such relief is not made permanent. See Nielsen v. Preap, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention"). The injunctive relief provided by the District Judge in her August 5, 2026 Order has not fully or finally adjudicated Petitioner's claims and therefore, the Court retains jurisdiction for purposes of doing so. See Lackey v. Stinnie, 604 U.S. 192, 200 (2025) ("Preliminary injunctions . . . do not conclusively resolve legal disputes."); see also Cruz v. Lyons, Case No. 5:25-CV-02879, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) ("A habeas petition is not moot where preliminary relief is not made permanent."); Martinez v. Wamsley, Case No. 2:25-cv-01822-TMC, 2025 WL 2899116, at *3 (W.D. Wash. Oct. 10, 2025) ("The Court's grant of preliminary relief to three petitioners does not moot their underlying requests for a writ of habeas corpus."); Rodriguez v. Kaiser, Case No. 1:25-cv-01111-KES-SAB (HC), 2025 WL 2855193, at *8 (E.D. Cal. Oct. 8, 2025) (entering preliminary injunction enjoining government from re-detaining petitioner without a pre-detention hearing after previously granting temporary restraining order); Esmail v. Noem, Case No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sept. 26, 2025) ("This [mootness] argument strains credulity. Were this so, no court would issue a preliminary injunction following the grant of a TRO ordering a habeas petitioner's release, which is plainly not the case.").

Thus, the Court rejects Respondents' mootness argument and turns to the merits of the Petition.

/ / /

**B. <u>Petitioner's Claim Warrants Habeas Relief</u>.**

The Court adopts and incorporates by reference the reasoning and conclusion set forth in the District Judge's August 5, 2026 Order, and finds that the Petition should be granted with respect to Petitioner's claim that Respondents violated Petitioner's right to due process under the Fifth Amendment, as well as federal law, when they detained him without providing a constitutionally adequate, individualized custody hearing prior to his arrest and detention.

In her August 5, 2026 Order, the District Judge found that Petitioner was likely to prevail on his claim that Respondents violated his right to due process under the Fifth Amendment when they arrested and detained him. Specifically, the District Judge found as follows:

> i. <u>Likelihood of Success on the Merits</u>.
>
> Petitioner has demonstrated a likelihood of success on the merits of his request for release from detention. Petitioner argues that immigration authorities deprived him of the protections that the Due Process Clause of the Constitution requires. *See Pet.* at 5 ("Here, Petitioner was not afforded any of these several layers of review[], . . . violating the Fifth Amendment."). "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004). There, the Supreme Court discussed the need to consider:
>
> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
>
> *Mathews*, 424 U.S. at 335.
>
> Regarding the first factor, Petitioner has a liberty interest in being free from detention. As other courts have identified, a petitioner may have a liberty interest in freedom from detention regardless of whether he was previously in ICE detention. *See, e.g.*, *Rivas Garcia v. Current or Acting Field Dir.*, No. 1:26-cv-03245 DAD SCR, 2026 WL

1265937, at *4 (E.D. Cal. May 8, 2026) ("Even assuming petitioner was not previously released at the discretion of immigration officials, he has a general liberty interest in freedom from detention."); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the [Due Process] Clause protects." (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))). Petitioner also has an interest in avoiding prolonged detention. *See Doe v. Becerra*, No. 23-cv-05327-RMI, 2024 WL 1018519, at *5 (N.D. Cal. Mar. 7, 2024) ("As to the first factor, it does not require much to conclude that Petitioner has a compelling interest—to say the least—in avoiding prolonged detention; it is equally evident that the government's interference with that interest necessarily increases while Petitioner spends more and more time in detention." (citation omitted)). And Petitioner's detention impedes his ability to maintain gainful employment, care for his family, and receive adequate medical care. Accordingly, Petitioner's private interest in remaining free from detention is significant.

As to the second *Mathews* factor, Respondents maintain that "Petitioner appears to be entitled to request and receive an initial bond hearing," and that he is "at most" entitled to a bond hearing before an Immigration Judge. *See Opp'n* at 2. But Respondents ignore Petitioner's account that ICE Officers detained Petitioner as he was exiting County Jail, without notice or an opportunity to be heard. Generally, the Due Process Clause "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Here, ICE Officers detained Petitioner without presenting him an arrest warrant, an Immigration Court hearing, or a bond hearing or custody redetermination hearing. *See Pet.* at 3–5. Accordingly, Petitioner never received notice or an opportunity to challenge his detention prior to ICE detaining him. "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation." *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025). For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

Still, the Court must consider the government's interests. Though the government has an interest in the steady enforcement of its immigration laws, the government's interest in detaining Petitioner without any procedural protections is slight. *See Pineda v. Chestnut*,

No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)). And custody hearings for immigration detention are routine and impose a "minimal" cost on the government. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Thus, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

ii. <u>Irreparable Harm</u>

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) (finding that petitioner demonstrated irreparable harm because she "is the sole financial provider for her seven-year-old daughter, her mother, and other disabled relatives in Peru," "[h]er mother has diabetes and depends on [Petitioner]", and because detention would "pose[] a significant threat to [Petitioner's] health" as petitioner "suffers from several serious medical conditions that would likely be exacerbated by detention."). While detained, Petitioner cannot care for his parents who both suffer from various medical conditions, nor can he continue working to earn income to support himself or his loved ones. Petitioner recounts that while detained in Adelanto, he has not received medical care for either his injured thumb or his injured knees. *See Pet.* ¶¶ 23–24. As a result, this factor weighs in favor of granting Petitioner's release from detention.

iii. <u>Balance of the Equities and Public Interest</u>

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' likely violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d

> 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, the Court finds that the Petition should be granted with respect to Petitioner's claim that Respondents violated the Due Process Clause of the Fifth Amendment, as well as Petitioner's liberty interest, when they arrested and detained him without an arrest warrant or any pre-detention hearing thereby depriving him of notice or opportunity to challenge his detention.

## V.

## CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; and (2) that a writ of habeas corpus be issued (a) declaring that ICE's arrest and detention of Petitioner violated the Due Process Clause of the Fifth Amendment to the United States Constitution; and (b) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from: (i) Re-detaining Petitioner without notice and an individualized pre-detention hearing before a neutral arbiter at which it is determined that detention is lawful and warranted under the applicable statutes and regulations.

DATED: September 15, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE